

1
2
3
4
5
6
7
8
9
10

11          **UNITED STATES DISTRICT COURT**

12          **SOUTHERN DISTRICT OF CALIFORNIA**

13

14   GILBERTO HERRERA MONTEJANO,                    )
                                                    )
15              Petitioner,                         )   Cr. No.  05-0838GT
                                                    )   Cv. No.  05-1728GT
16         v.                                       )
                                                    )   **ORDER**
17   UNITED STATES OF AMERICA                       )
                                                    )
18              Respondent.                         )
                                                    )
19

20          On September 6, 2005, Petitioner, Gilberto Herrera-Montejano ("Mr. Herrera "), filed a

21   Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255.  Mr. Herrera

22   argues that his counsel was ineffective for a variety of reasons.  Mr. Herrera also argues that his

23   sentence violates the law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v.

24   Washington, 124 S. Ct. 2531 (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).

25   Additionally, Mr. Herrera argues that his sentence violates the new law as set forth in United States

26   v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005).  The Court

27   has fully considered this matter, including a review of Mr. Herrera's brief filed, the authorities cited

28   therein and the arguments presented.  For the reasons stated below, Mr. Herrera's Motion to

1    Vacate, Set Aside or Correct Sentence is **DENIED**.

2           First, Mr. Herrera pled guilty, pursuant to a written plea agreement, to one count of illegal

3    entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Herrera

4    explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The

5    Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,*

6    United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997).

7    Since Mr. Herrera expressly waived his statutory right to appeal or collaterally attack his sentence

8    in his plea agreement, Mr. Herrera is now precluded from challenging that sentence pursuant to 28

9    U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that

10   a knowing and voluntary waiver of a statutory right is enforceable).

11          Moreover, even if Mr. Herrera had not expressly waived his right to appeal or collaterally

12   attack his sentence, his petition would still fail. In essence, Mr. Herrera argues that his counsel was

13   ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of

14   counsel, a petitioner must show that counsel's performance was deficient and that this deficient

15   performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The

16   petitioner must show that but for counsel's errors he would not have pled guilty and would have

17   insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Herrera has made no showing

18   that he would have gone to trial but for the errors of his counsel. In fact, Mr. Herrera's guideline

19   range was 37-46 months. By pleading guilty he received only a 24 month sentence which was a

20   substantial benefit to him.

21          Additionally, Mr. Herrera argues that because of his status as a deportable alien, he is

22   "ineligible[] for pre-release custody and minimum security confinement." Mr. Herrera argues that

23   the Court should grant him a two level downward departure because of his status. However, Mr.

24   Herrera's argument that the Court should depart downward because he is a deportable alien is

25   precluded by statute and current Ninth Circuit case law. By statute, the Court may depart

26   downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into

27   consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).   Specifically, the Ninth

28   Circuit has held that the threat of deportation is <u>not</u> a factor that the district court may consider for

05CR0838

1  sentencing purposes. <u>United States v. Alvarez-Cardenas</u>, 902 F.2d 734, 737 (9th Cir. 1990).[1]

2       Finally, Mr. Herrera argues he is entitled to a two level downward departure because of his

3  post-conviction rehabilitation.    However, § 5K2.19 specifically states that "post-sentencing

4  rehabilitative efforts, even if exceptional, . . . are not an appropriate basis for a downward

5  departure." U.S.S.G. § 5K2.19. Accordingly,

6       **IT IS ORDERED** that Mr. Herrera's Motion to Vacate, Set Aside or Correct Sentence is

7  **DENIED.**

8       **IT IS SO ORDERED.**

9

10

11  <u>Jun 4, 2008</u>

    /date

12                  GORDON THOMPSON, JR.

                United States District Judge

13  cc:  AUSA Bruce Castetter        Petitioner

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a deportable alien he is not eligible to spend the last six months of his sentence in a half way house pursuant to 18 U.S.C. § 3624(c). *See* <u>United States v. Zepeda-Valles</u>, 87 F.3d 1325 (9th Cir. 1996).

05CR0838